UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| HENNING CONSTRUCTION COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE PHOENIX INSURANCE COMPANY, <br><br> Defendant. | Case No. _____ <br><br> **COMPLAINT AND JURY DEMAND** |

The Plaintiff, Henning Construction Company, LLC, states the following for its Complaint against the defendant, The Phoenix Insurance Company:

**PARTIES, JURISDICTION, AND VENUE**

1. The Plaintiff, Henning Construction Company, LLC ("Henning"), is an Iowa limited liability company its principal place of business in Johnston, Iowa. Henning's members are four trusts, and the trustees of those trusts are domiciled in Florida and Arizona. As such, Henning is a citizen of Iowa, Florida, and Arizona for purposes of diversity jurisdiction.

2. The Defendant, The Phoenix Insurance Company ("Phoenix"), is, upon information and belief, a corporation organized under the laws of Connecticut with its principal place of business in Hartford, Connecticut. As such, Phoenix is a citizen of Connecticut for purposes of diversity jurisdiction.

3. This Court has jurisdiction over the parties to, and the subject matter of, this action, pursuant to 28 U.S.C. § 1332(a)(1), as Henning and Phoenix are citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and cost.

4.	Venue is appropriate in this Court because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Iowa, *see* 28 U.S.C. § 1391(b)(2), and because Phoenix is subject to this Court's personal jurisdiction with respect to this action, *see* 28 U.S.C. § 1391(b)(3).  Additionally, Phoenix is a licensed insurance company in Iowa.

## FACTUAL ALLEGATIONS

5.	Henning was the general contractor for the construction of the Stoney Creek Hotel & Conference Center located at 300 3rd Street, Sioux City, IA 51101 (the "Hotel").

6.	Construction of the Hotel started in approximately 2007 and was complete in approximately 2009.

7.	Henning relied on subcontractors to construct the Hotel.

8.	From a time shortly after the Hotel was completed in 2009 until 2016, the Hotel experienced progressive and continuous water intrusion and water damage due to defective work performed by Henning's subcontractor.

9.	In approximately February 2016, the owner of the Hotel notified Henning that the building was experiencing numerous water penetration problems.

10.	Henning promptly notified Phoenix of the Hotel owner's problems and submitted a claim for insurance coverage.

11.	In 2016, Henning coordinated an investigation of the water penetration problems, and that investigation revealed the major cause of water penetration was improper installation of the weather resistant barrier behind the stone veneer on the exterior of the Hotel.  Physical damage to interior components and structural components, such as framing and OSB sheathing, was observed and ultimately repaired.

12. Neither the defective work nor the physical damage discovered during Henning's investigation was known or expected by Henning at any time prior to 2016.

13. On or about June 17, 2016, the owner of the Hotel confirmed in writing that it was asserting a claim against Henning pursuant to a written agreement between the parties, arising from defects in construction of the Hotel with resulting damage to other property as documented during the 2016 investigation.

14. Henning was legally responsible for the owner's damages, including the cost of repairing the property damage and negligent construction at the Hotel.

15. Pursuant to its legal responsibility, Henning coordinated significant repairs at the Hotel from 2016-2018, including numerous interior and structural repairs.

16. Henning demanded that Phoenix pay for the damages that it was legally responsible to pay due to property damage at the Hotel, and Phoenix denied coverage entirely, erroneously relying on an "Exterior Insulation and Finish System" exclusion in its insurance policies.

## COUNT I – BREACH OF CONTRACT

17. Henning re-alleges paragraphs 1 through 15 as though set forth fully here.

18. Phoenix issued a Commercial General Liability Policy No. DT-CO-8277L866 for the periods from at least January 1, 2009 to January 1, 2012 (the "Phoenix Policies").

19. The Phoenix Policies had a General Aggregate Limit of $4,000,000; a Products-Completed Operations Limit of $4,000,000; and a limit of $2,000,000 for each occurrence.

20. The Phoenix Policies are valid and enforceable contracts.

21. Henning performed all its obligations under the Phoenix Policies, including fully responding to Phoenix's requests for information concerning the claim for insurance coverage.

22.     Phoenix is obligated under the Phoenix Policies to indemnify Henning for the damages that Henning was legally obligated to pay because of property damage at the Hotel. However, Phoenix has erroneously refused to provide coverage to Henning, and that refusal is a material breach of Phoenix's contractual obligations under the Phoenix Policies.

23.     Phoenix's breach of its duty to indemnify directly and proximately caused Henning to sustain damages, even taking into account payments received on behalf of other insurers and subcontractors.

WHEREFORE the Plaintiff, Henning Construction Company, LLC, prays that the Court enter a judgment against The Phoenix Insurance Company in an amount to be determined at trial, together with attorney fees, interest, all costs incurred herein, and for all such other relief that is just and equitable in the premises

## JURY DEMAND

24.     Henning hereby demands a trial by jury of all issues so triable as of right.

THE WEINHARDT LAW FIRM

By */s/ Todd M. Lantz*
   Todd M. Lantz                                    AT0010162
   2600 Grand Avenue, Suite 450
   Des Moines, IA  50312
   Telephone: (515) 244-3100
   E-mail:  tlantz@weinhardtlaw.com

ATTORNEYS FOR PLAINTIFF HENNING
CONSTRUCTION COMPANY, LLC